ATALANTA TRADING CORP. *v.* UNITED STATES (No. 4908)[1]

United States Court of Customs and Patent Appeals, November 22, 1957

*Allerton deC. Tompkins* for appellant.

*George Cochran Doub*, Assistant Attorney General, *Richard E. FitzGibbon*, Chief, Customs Section (*Richard H. Welsh* and *William J. Vitale*, trial attorneys, of counsel), for the United States.

[1] C. A. D. 665.

[Oral argument October 9, 1957, by Mr. Tompkins and Mr. Welsh]

Before JOHNSON, Chief Judge, and O'CONNELL, RICH, and JACKSON (retired), Associate Judges

O'CONNELL, Judge, delivered the opinion of the court:

This is an appeal from the judgment of the United States Customs Court, Third Division, C. D. 1815, overruling the importer's protest and sustaining the collector's classification of the merchandise involved, consisting of frog legs imported from Japan, as a non-enumerated unmanufactured article under paragraph 1558 of the Tariff Act of 1930. It is contended by the importer, the appellant here, that classification should have been made either directly or by similitude as "other game" under paragraph 704 of the 1930 Act as modified by T. D. 51802 or, alternatively, by similitude, as fish under paragraph 715 (b) of the Act, as modified by T. D. 51802.

The pertinent portions of the applicable statutes are as follows:

Par. 1558, Tariff Act of 1930:

That there shall be levied, collected and paid on the importation of all raw or unmanufactured articles not enumerated or provided for, a duty of 10 per centum ad valorem, * * *.

Par. 704, Tariff Act of 1930, as modified by T. D. 51802:

Other game (except birds), fresh, chilled, or frozen, not specially provided for_____3¢ per lb.

Par. 717 (b), Tariff Act of 1930, as modified by T. D. 51802:

Fish, fresh or frozen (whether or not packed in ice), filleted, skinned, boned, sliced, or divided into portions, not specially provided for:

\*          \*          \*          \*          \*          \*          \*

1½¢ per lb.

Par. 1559, Tariff Act of 1930:

That each and every imported article, not enumerated in this Act, which is similar, either in material, quality, texture, or the use to which it may be applied to any article enumerated in this Act as chargeable with duty, shall be subject to the same rate of duty which is levied on the enumerated article which it most resembles in any of the particulars before mentioned; * * *.

The issues raised here are similar to those presented in *Atalanta Trading Corp.* v. *United States*, 42 C. C. P. A. (Customs) 90, C. A. D. 577, which involved frog legs imported from Cuba, and much of the testimony taken in that case has been incorporated in the instant record.

The earlier case involved the same paragraphs of the 1930 Act, and substantially the same contentions by the importer as are presented here, but included an additional factor in that the importation was made under the Exclusive Trade Agreement with Cuba, T. D. 51819, which contained the following provision:

| Tariff Act of 1930 Paragraph | Description of Products | Rate of Duty |
|---|---|---|
| 1558 | Frog legs, fresh, chilled, frozen, prepared, or preserved. | 8% ad val. |

With respect to the quoted provision, it was contended by the importer that although the President had authority under section 350 of the Tariff Act of 1930 to modify existing rates of duty, he had no authority to reclassify any article by removing it from one paragraph and placing it under another, and that accordingly the Cuban Trade Agreement could not serve to place frog legs under paragraph 1558 if they were not otherwise classifiable there. The Government's reply to that contention was that frog legs were dutiable under paragraph 1558 when the Cuban agreement went into effect and were therefore properly listed in the agreement under that paragraph.

In its decision in the prior *Atalanta* case this court, after reviewing at some length the history of the classification of frog legs, concluded that:

In view of the earlier uniform judicial decisions that frog legs are properly classifiable under paragraph 1558, *supra*, and the various reenactments of the statute with no change being made with regard to the classification of merchandise such as that at bar, it must be presumed that there was legislative approval of those decisions. *August Bentkamp* v. *United States*, 40 C. C. P. A. (Customs) 70, C. A. D. 500; and *Werner G. Smith Co., Div. Archer Daniels Midland Co.* v. *United States*, 40 C. C. P. A. (Customs) 90, C. A. D. 503.

Despite the able argument advanced by counsel for appellant in support of his principal contention, we find no error in the conclusion of the trial court that the provision for frog legs under paragraph 1558, *supra*, involved in the Exclusive Trade Agreement with Cuba, is not a reclassification of the merchandise by the President, but is a modification of existing duties, which action is authorized by section 350 (a) of the Tariff Act of 1930.

With respect to the other contentions of appellant, the Government properly points out that the *eo nomine* provision for frog legs in the Exclusive Trade Agreement with Cuba must prevail over more general provisions for fish or game, either directly or by similitude, and that since paragraph 1558, *supra*, embraced the merchandise, the Exclusive Trade Agreement with Cuba properly provided for them *eo nomine* therein, citing *Sandoz Chemical Works, Inc.* v. *United States*, 25 Cust. Ct. 115, C. D. 1273; and *United States* v. *Canadian National Railways*, 29 C. C. P. A. (Customs) 272, C. A. D. 202.

It is clear from the matter just quoted that this court held that frog legs were properly classifiable under paragraph 1558 of the 1930 Tariff Act, irrespective of the Cuban agreement, since the *eo nomine* provision for frog legs in that agreement was found to be proper only because paragraph 1558 already embraced such merchandise. It

follows that, as stated in the Government's brief, the instant case is for all intents and purposes a retrial of the issue decided in favor of the United States in the prior *Atalanta* case.

Appellant argues here, as it did in the earlier case, that since Congress was advised by the 1929 Summary of Tariff Information that the Treasury Department had held in 1923 that frog legs were dutiable as "other game" under paragraph 704 of the Tariff Act of 1922, and since no express provision for frog legs was made in the 1930 Act, it must be presumed that such holding was approved by Congress. No judicial ruling on the matter was made during the interim between 1923 and the passage of the 1930 Act.

While the circumstances relied on might tend toward the conclusion urged by appellant, we are of the opinion that, in view of the entire legislative history, as outlined in our decision in the prior *Atalanta* case, it cannot properly be presumed that Congress in passing the 1930 Act intended to adopt the 1923 Treasury Department ruling as to frog legs.

The testimony in the prior case, much of which, as already noted, is incorporated in the record here, was summarized in the decision of this court as follows:

It is sufficient to state that the seven witnesses for the importer testified that frog legs are sold in fish markets and are cooked and eaten in much the same manner as fish; that the texture is similar to lobster claws or the white portion of sturgeon; that the frog legs arrive in this country skinned and frozen; that the frogs are caught by fishermen in Cuba; and that they have one common biological characteristic with fish; viz., both are cold blooded.

The testimony thus summarized was found insufficient to show that frog legs were not properly classified under paragraph 1558. The additional testimony offered in the instant case is similar and shows that the merchandise, although originating in Japan rather than Cuba, is essentially the same as that involved in the prior case.

We have again given careful consideration to the questions here presented in the light of the entire record and of the arguments now advanced by the importer, which closely parallel those presented by it in the prior *Atalanta* case. We find no reason, however, for departing from our former conclusion that merchandise of the kind here involved is properly classifiable under paragraph 1558 of the Tariff Act of 1930 as unenumerated, unmanufactured articles, and the judgment of the United States Customs Court is accordingly *affirmed*.

WORLEY, J., was not present at the argument of this appeal and did not participate in the decision.

JACKSON, J., Retired, recalled to participate.